UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY BRACKEN,

    Plaintiff,

v.                                         CASE NO. 3:18-cv-951-J-32MCR

LEAGUE OF CITIES, *et al.*,

    Defendants.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 2). For the reasons stated herein, the undersigned **RECOMMENDS** that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

On August 8, 2018, the Court entered an Order taking the Application under advisement and directing Plaintiff to file, on or before August 28, 2018, an amended, notarized application and an amended complaint, because the original Complaint, even when construed liberally, failed to state a claim on which relief

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

may be granted.[2]  (Doc. 3.)  On August 27, 2018, Plaintiff filed an amended, notarized application.  (Doc. 5.)  However, he did not file an amended complaint.  As Plaintiff did not comply with the Court's August 8, 2018 Order, the Court entered an Order on September 19, 2018, directing him to either file an amended complaint or show cause in writing why his Application should not be denied and his case dismissed for failure to state a claim on which relief may be granted and/or lack of prosecution.  (Doc. 6.)  Plaintiff's response was due October 10, 2018.  (*Id.*)

On October 9, 2018, Plaintiff filed a document, listing his damages, purporting to respond to the Order to Show Cause, asking for an amendment of the Complaint, and requesting *pro bono* representation.  (Doc. 7.)  On November 2, 2018, the Court entered an Order, denying Plaintiff's request for a court-appointed attorney and giving him "another, likely final, opportunity to file an amended complaint no later than November 23, 2018."  (Doc. 8 at 1.)  The Order stated:

> Upon review of Plaintiff's October 9, 2018 filing, the Court observes that it cannot be construed as a proper amended complaint, even under a very liberal construction.  However, since Plaintiff appears to be asking for an amendment of the Complaint, specifically, removal of Major John Davis and Meagan Logan from

---

[2] Also, in light of the scarcity of the allegations, the Court was unable to determine whether the Complaint was frivolous or malicious and whether it sought monetary relief against a defendant who was immune from such relief.  In fact, the Complaint did not seem to request any particular type of relief.

2

> the list of Defendants, the Court will give him another opportunity to file an amended complaint in compliance with the Court's August 8, 2018 Order and all applicable rules and law. . . .
> In his October 9, 2018 filing, Plaintiff itemized his damages, but did not shed much light on his claim(s). (Doc. 7.) He mentioned some unspecified, "inherently improper conduct and behavior of Chris McGauley and Chief Jeffery McGuire of the Jasper Police Department," and referenced "the events of July 31, 2017, pertaining to the proven 242 USC 1983 [sic] and the 42 USC 1983 [sic] protected statute violations," but did not elaborate any further. (*Id.* at 1-2 (also stating that "the charges were dismissed against [Plaintiff], the body cam[era] footage was edited by someone before it was given to [him], [and his] personal property has not been returned").)

(Doc. 8 at 3-4.)

Plaintiff did not file an amended complaint on or before November 23, 2018, as directed by the Court's November 2, 2018 Order. Instead, a week after the deadline, Plaintiff filed his "Response to Show Cause." (Doc. 9.) Even construing this untimely filing liberally, it does not qualify as a proper amended complaint. As in his previous filings, Plaintiff makes general references to 42 U.S.C. § 1983, but does not include any specific factual allegations to show the applicability of this section and each Defendant's involvement in any alleged violations. It is still unclear when the alleged violation(s) occurred and by whom.[3] As such, even if the Court construes Plaintiff's most recent filing as an amended complaint, it still fails to state a claim on which relief may be granted and is, thus,

---

[3] Of note, Defendant League of Cities is mentioned only in the caption, but there are no specific allegations against it. In contrast, Plaintiff continues to make references to Major John Davis and Meagan Logan, even though both of them were removed as party Defendants from the caption of the document.

subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, as noted earlier, Plaintiff did not file an amended complaint by the November 23, 2018 deadline and did not seek an extension of time to file it out of time; as such, this action is also subject to dismissal for failure to prosecute pursuant to Local Rule 3.10(a).

Accordingly, it is respectfully **RECOMMENDED** that the Application (**Doc. 2**) be **DENIED**, this case be **DISMISSED without prejudice**, and the Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on January 9, 2019.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

*Pro Se* Plaintiff